# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| VIOLA CIOCCA <br> 45 Buckshire Drive <br> Holland, PA 18966 <br><br> Plaintiff, <br><br> v. <br> PRESBYTERIAN MEDICAL CENTER OF THE UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM D/B/A PRESBYTERIAN MEDICAL CENTER <br> 51 N. 39th Street <br> Philadelphia, PA 19104 <br> and <br> UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM D/B/A PENN MEDICINE <br> 3400 Spruce Street <br> Philadelphia, PA 19104 <br><br> Defendants. | CIVIL ACTION <br><br> No. _____ <br><br><br> **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Viola Ciocca (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Presbyterian Medical Center of the University of Pennsylvania Health System and University of Pennsylvania Health System (*hereinafter* referred to as "Defendants" unless indicated otherwise) for violations of the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA"- 29 USC § 2601), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices

Ordinance ("PFPO").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff has properly exhausted her administrative remedies with respect to her ADA claims because she timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and files the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

[1] Plaintiff will move to amend her instant lawsuit to include claims under the PHRA and the PFPO once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA and PFPO though would mirror the instant claims identically.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Presbyterian Medical Center of the University of Pennsylvania Health System d/b/a Presbyterian Medical ("Defendant PMC") is a medical facility with a location at the above-captioned address.

9. Defendant University of Pennsylvania Health System d/b/a Penn Medicine ("Defendant Penn") is a medical health system of which Defendant PMC is a part.

10. Defendants should be considered Plaintiff's single, joint and/or integrated employers because: (1) Defendant Penn paid Plaintiff, appears on her pay stubs and W-2s and controlled her benefits; (2) Plaintiff physically worked at Defendant PMC, was supervised and managed on a daily basis by their employees and they had authority to hire and fire Plaintiff. Thus, both entities controlled the terms and conditions of Plaintiff's employment.

11. At all times relevant herein, Defendants acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is an adult female.

14. Plaintiff was hired by Defendants on or about November 16, 2015.

15. In total, Plaintiff worked for Defendants for more than 4 years.

16. Plaintiff worked as a full-time anesthesia technician in Defendants' anesthesia department at their 51 N. 39th Street location in Philadelphia, PA.

17. Plaintiff was qualified for her job, as she possessed the requisite skill, experience and knowledge for the position.

18. Throughout her employment, Plaintiff performed her job well and was issued satisfactory performance evaluations.

19. From in or about 2015 to in or about 2019, Plaintiff was supervised by Luke Wloczynski (Anesthesia Supervisor).

20. In or about 2019 or 2020, Plaintiff began being supervised by Javier Vazquez (Supervisor) and Santa Iaconelli (Director of Perioperative Support Services).

21. At all times relevant herein, Plaintiff suffers from serious medical conditions, including headaches, migraines, cervicalgia, anxiety and depression.

22. Plaintiff has obtained medical treatment for these conditions for several years and these conditions interfere with and limit Plaintiff in several daily activities, including but not limited to sleeping, focusing, thinking, concentrating, lifting, performing daily chores and, at times, working.[2]

23. Despite these conditions, Plaintiff was able to perform all the essential functions of her job, with accommodations.

24. Plaintiff informed Defendants' management about her medical conditions and need for time off for same.

---

[2] This paragraph is not intended to include an exhaustive list of activities which Plaintiff's medical conditions limit and/or interfere with.

25. In 2018, 2019 and 2020, Plaintiff was late and/or absent from work several times because of her medical conditions.

26. In or about September of 2019, Plaintiff was issued a final written warning by Vazquez and Iaconelli for lateness in August and September of 2019.

27. However, many of these latenesses were due to Plaintiff's medical conditions.

28. Prior to and after being issued the final written warning, Plaintiff informed Defendants' management about her medical conditions and explained that she had been late and absent on several of these dates because of her medical conditions and because she had experienced domestic violence.

29. Despite Plaintiff informing Defendants about her medical conditions and need for time off for same, Defendants did not offer Plaintiff FMLA leave, designate her time off as FMLA, excuse her absences as FMLA-protected or refer her to apply for FMLA.

30. In addition, Defendants did not speak to Plaintiff about accommodations, offer her accommodations or excuse her time off/lateness as an accommodation.

31. As a result of Defendants' failure to offer Plaintiff FMLA, accommodations or otherwise excuse her absences, Plaintiff was fearful of taking any more time off, avoided taking time off despite her ongoing medical conditions, and struggled to get to work when she experienced flare-ups of her medical conditions.

32. Between September 2019 and January 2020, there were times that Plaintiff needed to arrive to work late and/or take time off because of her medical conditions but was dissuaded from doing so by Defendants by their threats of termination.

33. On or about January 8 and 10, 2020, Plaintiff arrived to work late because of debilitating migraines.

34. She informed Defendants about this and asked for the days to be excused.

35. Defendants did not excuse these latenesses, did not offer Plaintiff any FMLA leave or accommodations for them and did not otherwise allow Plaintiff to use paid or non-paid time off for them.

36. Instead, on or about January 22, 2020, Defendants terminated Plaintiff for these absences/latenesses.

37. Prior to Plaintiff's termination, Defendants failed to engage in any meaningful interactive process with her to determine if they could provide her any accommodations regarding her medical conditions and need for time off for same.

38. Plaintiff believes and therefore avers that: (1) she was terminated because of her actual/perceived disabilities; (2) she was terminated in retaliation for requesting accommodations; (3) Defendants failed to accommodate her medical conditions; (4) Defendants interfered with her FMLA rights; and (5) Defendants terminated her in retaliation for requesting and/or utilizing FMLA-qualifying medical leave.

## COUNT I
### Violations of the Americans with Disabilities Act, as amended ("ADA")
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Plaintiff suffers from qualifying health conditions under the ADA (as amended), which (at times) affects her ability to perform some daily life activities (as discussed *supra*).

41. Plaintiff requested reasonable accommodations from Defendants, including time off from work for medical reasons.

42. Plaintiff was terminated shortly after disclosing her medical conditions to Defendants and requesting accommodations for same.

43. Plaintiff was also subjected to hostility and animosity by Defendants' management, including but not limited to Vazquez and Iaconelli, after she disclosed her medical conditions and requested accommodations.

44. As a result, Plaintiff believes and therefore avers that she was terminated by Defendant because of: (1) her known and/or perceived disabilities; (2) her record of impairment; and/or (3) because she requested accommodations, which constitutes unlawful retaliation.

45. Defendants also failed to engage in any interactive process with Plaintiff, despite that she requested accommodations (in the form of medical leave/time off), failed to offer her any time off, failed to have any discussions with her about any accommodations and failed to provide her with any accommodations.

46. These actions as aforesaid constitute violations of the ADA, as amended.

## COUNT II
## Violations of the Family and Medical Leave Act ("FMLA")
### (Interference and Retaliation)

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

49. Plaintiff requested leave from Defendants, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

50. Plaintiff had at least 1,250 hours of service with Defendants in the year preceding August 1, 2019, September 1, 2019, January 8, 2019, January 10, 2019 and January 22, 2020.

51. Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

52. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

53. Defendants committed interference and retaliation violations of the FMLA by (1) failing to properly notify, offer or approve Plaintiff FMLA leave; (2) discouraging Plaintiff (via negative treatment, discipline and threats of termination) from requesting or taking FMLA leave or otherwise exercising her FMLA rights (3) terminating Plaintiff because she requested and/or took FMLA-qualifying medical leave and to prevent her from taking further FMLA-qualifying leave in the future.

54. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C.	Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.	Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:	*/s/ Ari R. Karpf*
Ari R. Karpf, Esq.
Jeremy M. Cerutti, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
Attorney for Plaintiff

Dated: May 24, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Viola Ciocca : CIVIL ACTION
v. :
Presbyterian Medical Center of the University of Pennsylvania : NO.
Health System d/b/a Presbyterian Medical Center, et al.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
 and Human Services denying plaintiff Social Security Benefits.            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
 exposure to asbestos.            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
 commonly referred to as complex and that need special or intense management by
 the court. (See reverse side of this form for a detailed explanation of special
 management cases.)            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 5/24/2021 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 45 Buckshire Drive, Holland, PA 18966

Address of Defendant: 51 N. 39th Street, Philadelphia, PA 19104; 3400 Spruce Street, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/24/2021 _____ *Attorney-at-Law / Pro Se Plaintiff* ARK2484 / 91538 *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 5/24/2021 _____ *Attorney-at-Law / Pro Se Plaintiff* ARK2484 / 91538 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CIOCCA, VIOLA

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
PRESBYTERIAN MEDICAL CENTER OF THE UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM, ET AL.

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine | | | 840 Trademark | 460 Deportation |
| | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| 196 Franchise | 362 Personal Injury - Medical Malpractice | | | 865 RSI (405(g)) | 891 Agricultural Acts |
| | | | 790 Other Labor Litigation | | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)
Brief description of cause:
Violations of the ADA, FMLA, PHRA and the Philadelphia Fair Practices Ordinance.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 5/24/2021
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE

Print | Save As... | Reset